OPINION
{¶ 1} Defendant, Jimmy Norman, appeals from his conviction and sentence for offenses including Kidnaping and Rape, and his designation as a sexual predator.
 {¶ 2} Pursuant to a negotiated plea agreement, Defendant entered pleas of guilty to Aggravated Robbery, R.C. 2911.01(A)(1), Kidnaping, R.C. 2905.01(A)(4), Rape, R.C. 2907.02(A)(2), and Corrupting Another With Drugs, R.C. 2925.02(A)(1). In exchange, the State dismissed charges of kidnaping, rape and possession of crack cocaine. The trial court sentenced Defendant to consecutive terms of imprisonment totaling twenty years, and designated him a sexual predator.
 {¶ 3} Defendant has timely appealed to this court from his convictions and sentences. He challenges only his classification as a sexual predator.
ASSIGNMENT OF ERROR
 {¶ 4} "The Trial Court's determination that appellant should be designated a sexual predator is against the manifest weight of the evidence."
 {¶ 5} In order to adjudicate Defendant a sexual predator, the court must find by clear and convincing evidence that Defendant has been convicted of or pled guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C. 2950.09(B)(3).
 {¶ 6} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477; State v. Ingram (1992), 82 Ohio App.3d 341.
 {¶ 7} Defendant's conviction for rape constitutes a sexually oriented offense. R.C. 2950.01 (D)(1)(a). Thus, the only issue is whether Defendant is likely to engage in the future in another sexually oriented offense.
 {¶ 8} In determining the likelihood of recidivism, the trial court is mandated by R.C. 2950.09(B)(2) to consider the factors relating to the offender which are set out at paragraphs (a) through (j) therein. While the statute deems the factors relevant, they are only potentially relevant. State v. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288. Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline."Id., at p. 589. Because the "guidelines do not control a judge's discretion," Id., at p. 587, a factor irrelevant to a particular offender is entitled to no weight. Further, the court may consider any other evidence the court deems relevant. Id.
 {¶ 9} The statutory guidelines are:
 {¶ 10} "(a) The offender's age;
 {¶ 11} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 13} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 14} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 16} "(g) Any mental illness or mental disability of the offender;
 {¶ 17} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} "(j) Any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 20} The trial court conducted a sexual offender classification hearing in this case just prior to the sentencing proceeding. R.C.2950.09(B)(1). Ms. Thomai Bessler from the Adult Probation Department testified regarding the House Bill 180 screening instrument she prepared relative to Defendant's sex offender status. Ms. Bessler checked off those statutory factors in R.C. 2950.09(B)(2) listed on the screening instrument which she found applicable in this case, and she recommended that Defendant be designated a sexual predator.
 {¶ 21} Dr. Kim Stookey, a forensic psychologist who examined Defendant relative to his sex offender status, also testified at the classification hearing. She discussed the statutory factors listed in R.C. 2950.09(B)(2) and whether, as applied to this case, they demonstrate an increased risk of sexual reoffending by Defendant. In addition, the trial court admitted into evidence several documents: the presentence investigation report, Dr. Stookey's report, the House Bill 180 screening instrument, the results of Defendant's competency and sanity evaluations, and termination entries from Defendant's previous convictions.
 {¶ 22} At the conclusion of the hearing, the trial court designated Defendant a sexual predator. In making its determination the trial court discussed on the record, in commendable fashion, the factors in R.C.2950.09(B)(2) upon which it relied, the particular evidence relating to each of those factors, and the weight assigned by the court to each factor. State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247.
 {¶ 23} Based upon Dr. Stookey's testimony, the trial court found that Defendant's age, forty-six, reduced his risk of reoffending, but the court assigned "little weight" to that factor. R.C. 2950.09(B)(2)(a). The court also found that the age of the victim, twenty-one, the absence of multiple victims, the fact that drugs or alcohol were given by Defendant to the victim to impair her or prevent resistance, the fact that Defendant completed his sentence for previous offenses, the absence of any mental illness or disability on the part of Defendant, the lack of any demonstrated pattern of abuse, and the threat or display of cruelty by Defendant, are all neutral factors that neither increase nor decrease Defendant's risk for reoffending. The trial court assigned "no weight" to these factors. R.C. 2950.09(B)(2)(c)-(i).
 {¶ 24} However, the court found that Defendant's previous record of convictions which includes four separate offenses, two of which involved female victims, increased Defendant's risk of reoffending. R.C.2950.09(B)(2)(b). The court assigned "greatest weight" to this factor. Additionally, the court found that because Defendant had raped a person who was a stranger to him, Defendant was in the higher end of the recidivism rates for rapists, which increased his risk of reoffending. R.C. 2950.09(B)(2)(j). The court assigned "greater weight" to this factor.
 {¶ 25} Furthermore, the court found that Defendant's extensive history of substance abuse and his unsuccessful treatment, his unmarried status, and his poor prognosis for successful sex offender treatment, all increase Defendant's risk of reoffending. R.C. 2950.09(B)(2)(j). However, the court assigned "little weight" to these factors.
 {¶ 26} On this record at least one of the risk factors in R.C.2950.09(B)(2) reduces Defendant's risk of reoffending. Several others are neutral, having no proven correlation to the risk one way or the other. Several other factors that are clearly probative of the increased risk for sexual reoffending that Defendant poses. After considering and weighing all of the factors, the trial court found that the weight of the factors showing an increased risk of reoffending far outweighs the weight of the factors showing a reduced risk of reoffending. Accordingly, the trial court concluded that Defendant is likely to engage in the future in additional sex offenses, and it designated him a sexual predator. Without question, there is clear and convincing evidence in this record to support that conclusion. The trial court's sexual predator classification is not against the manifest weight of the evidence.
 {¶ 27} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.