[Cite as *State v. Lewis*, 2011-Ohio-2014.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO

    Appellee

    v.

DEMETRIUS J. LEWIS

    Appellant

C.A. No. 25080

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. CR 99-03-0589(B)

DECISION AND JOURNAL ENTRY

Dated: April 27, 2011

MOORE, Judge.

{¶1} Appellant, Demetrius J. Lewis, appeals from his conviction in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Appellant, Demetrius J. Lewis, was indicted by the Summit County Grand Jury on March 30, 1999, on fourteen counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree, and forty-five counts of kidnapping in violation of R.C. 2905.01(A)(2)/(A)(3), felonies of the first degree. All counts contained firearm specifications. On August 13, 1999, Lewis withdrew his former plea of not guilty and entered a negotiated plea of guilty to Counts 10, 29, 34, 44, and 53 of aggravated robbery. The other counts were dismissed. The trial court accepted the negotiated plea agreement and ordered Lewis to serve the negotiated sentence of four years in prison on each of the five counts. The sentence was to be served consecutively.

{¶3} On May 12, 2009, Lewis filed a pro se motion to withdraw his guilty plea based on the fact that the trial court did not inform him that he would be placed on a five-year period of postrelease control upon his release from prison. On August 31, 2009, the trial court held an evidentiary hearing on the motion, and the motion was denied on September 1, 2009. On October 14, 2009, Lewis was resentenced to the original sentence and the five-year period of postrelease control was imposed.

{¶4} Lewis timely filed a notice of appeal. He raises six assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT DISPOSING OF ALL COUNTS IN THE INDICTMENT."

{¶5} Lewis contends that the trial court erred when it did not dispose of all counts in the indictment. For reasons which follow, we do not reach the merits of this assignment of error.

{¶6} *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶26, held "that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, *that part of the sentence* is void and must be set aside." (Emphasis added.) *Fischer* further clarified that "only the offending portion of the sentence is subject to review and correction." Id. at ¶27. The remainder of the sentence remains valid. Id. at ¶17.

{¶7} Here, Lewis filed a motion to withdraw his guilty plea because he was not advised of mandatory postrelease control. On August 31, 2009, the trial court held an evidentiary hearing on Lewis' motion, and the motion was denied on September 1, 2009. In a journal entry dated October 14, 2009, the court resentenced Lewis to four years on five counts to be served consecutively with each other, in accordance with the original negotiated sentence, and imposed

a five-year period of mandatory postrelease control. In accordance with *Fischer*, the postrelease control portion was the only portion of his sentence subject to review and correction. Id.

{¶8} The new sentencing hearing should have been limited to notifying Lewis of postrelease control and including it in his sentence. See id. at paragraph two of the syllabus. The trial court, however, exceeded the limited scope of the hearing and attempted to reimpose the original sentence. The only portion of Lewis' sentence subject to review and correction was the postrelease control.

{¶9} Because the trial court exceeded its authority when it attempted to resentence Lewis on aspects of his sentence that were not void, we vacate those parts of the resentencing entry that addressed anything other than postrelease control. Lewis' original consecutive sentences remain valid, as does the portion of the appealed resentencing judgment that addresses postrelease control.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO CONDUCT A DE NOVO SENTENCING."

{¶10} Lewis contends that the trial court erred when it failed to conduct a de novo sentencing. We do not agree.

{¶11} Per *Fischer*, the scope of the new sentencing hearing to which Lewis was entitled was limited to the proper imposition of postrelease control. *Fischer*, at paragraph two of the syllabus. "As the lawful portion of [Lewis'] original sentence remained in place pursuant to *Fischer*, the trial court did not have authority to conduct a de novo sentencing hearing and reissue a sentence." *State v. Ward*, 9th Dist. No. 25324, 2011-Ohio-1211, at ¶9. Accordingly, Lewis' second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

"[THE] TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY RE-SENTENCING [LEWIS] AS IT LACKED JURISDICTION TO SENTENCE OR RE-SENTENCE [HIM] DUE TO AN UNREASONABLE DELAY IN SENTENCING."

{¶12} Lewis contends that the trial court lacked jurisdiction to resentence Lewis due to an unreasonable delay in sentencing. We decline to address this assignment of error.

{¶13} This Court has recognized, consistent with the Ohio Supreme Court's analysis in *Fischer*, that a resentencing hearing to properly impose postrelease control shall be "limited to [the] proper imposition of postrelease control" only. *Fischer*, at paragraph two of the syllabus. See also, *State v. Smith*, 9th Dist. No. 10CA009819, 2011-Ohio-398, at ¶5. In addition, an appeal from the resentencing hearing is limited to matters relating to the imposition of postrelease control. *Fischer*, at paragraph two of the syllabus; *State v. Hoffmeyer*, 9th Dist. No. 25477, 2011-Ohio-1046, at ¶9. Thus, we decline to reach the merits of Lewis' assertions that the trial court failed to comply with Crim.R. 32(A), as the trial court lacked the authority at resentencing to do anything other than correctly impose postrelease control upon Lewis. *Fischer*, at paragraph two of the syllabus.

{¶14} Based on the foregoing, we decline to address the merits of Lewis' third assignment of error, as it stems from the court's actions at resentencing that are unrelated to the imposition of postrelease control.

## ASSIGNMENT OF ERROR IV

"THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY RE-SENTENCING [LEWIS] AS HE HAD ALREADY SERVED THE TERM PREVIOUSLY IMPOSED ON SOME OF THE OFFENSES."

{¶15} Lewis contends that the trial court erred when it resentenced Lewis as he had already served the term previously imposed on some of the offenses. We agree in part.

{¶16} To the extent that Lewis contends that the trial court lacked authority to reimpose his prison sentence, we agree. As noted above, the only portion of Lewis' sentence subject to review and correction was the postrelease control portion of the sentence. *Fischer* at ¶27.

{¶17} However, to the extent Lewis asserts that the trial court lacked authority to resentence him to impose postrelease control, we disagree. The State contends that the trial court retained jurisdiction because Lewis has not completed the aggregate sentence. The State relies on Ohio Adm.Code 5120-2-03.1(F), which states, "When consecutive stated prison terms are imposed, the term to be served is the aggregate of all of the stated prison terms so imposed."

{¶18} This Court has previously held that the trial court has authority to resentence a defendant to properly impose postrelease control if the defendant "had not been released from prison or completed his prison term at the time of the resentencing hearing." *State v. Bodiford*, 9th Dist. No. 10CA009770, 2010-Ohio-5923, at ¶8. This is consistent with the Ohio Supreme Court case, *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, which held that in cases where postrelease control is required but not included in the sentence, "the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence." *Id.* at syllabus; see also *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, at ¶70 (noting that a defendant can not be subjected to another sentencing hearing after he "has completed the prison term imposed in his original sentence"); *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, at ¶18 (concluding that defendant could not be resentenced because he had "already served the prison term ordered by the trial court.").

{¶19} Here, Lewis may have served some portion of the sentence imposed, but he has not completed his prison term of twenty years or been released from prison. Thus, the trial court

had jurisdiction to resentence him to impose postrelease control. Accordingly, Lewis' fourth assignment of error is sustained in part and overruled in part.

## ASSIGNMENT OF ERROR V

"[THE] TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY DENYING [LEWIS'] MOTION TO WITHDRAW HIS GUILTY PLEA[.]"

## ASSIGNMENT OF ERROR VI

"[LEWIS] WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL[.]"

{¶20} Lewis contends that the trial court erred by denying his motion to withdraw his guilty plea and further argues ineffective assistance of counsel with regard to the circumstances surrounding the entry of that plea. Because his appeal on these issues is untimely, we do not have jurisdiction to reach the merits of these assignments of error.

{¶21} App.R. 3(A) provides that: "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 4(A) provides that: "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed[.]" This Court has previously recognized that "[t]his time requirement is jurisdictional and may not be extended. Where an untimely appeal has been filed, an appellate court lacks jurisdiction to consider the merits[.]" (Citations omitted.) *Metropolitan Bank & Trust Co. v. Roth*, 9th Dist. No. 21174, 2003-Ohio-1138, ¶15.

{¶22} Lewis' fifth and sixth assignments of error stem from the trial court's September 1, 2009 denial of Lewis' post-sentence motion to withdraw a guilty plea. He did not file his appeal until November 4, 2009, well beyond the thirty day time limit contained in AppR. 4(A). Therefore, we do not have jurisdiction to consider the merits of these assignments of error. *State v. Dyson*, 9th Dist. No. 09CA0055, 2010-Ohio-6452, at ¶7.

III.

**{¶23}** We do not reach the merits of Lewis' first assignment of error. His second assignment of error is overruled. We decline to address Lewis' third assignment of error. His fourth assignment of error is sustained in part and overruled in part. This Court lacks jurisdiction to consider the merits of Lewis' fifth and sixth assignments of error. Because the trial court exceeded its authority when it attempted to resentence Lewis on aspects of his sentence that were not void, we vacate those parts of the resentencing entry that addressed anything other than postrelease control. Lewis' original concurrent sentences remain intact, as does the portion of the appealed resentencing judgment that addresses postrelease control.

Judgment affirmed in part,
vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Proisecuting Attorney, for Appellee.