[Cite as *State v. Robb*, 2011-Ohio-4647.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-100678 |
| | | C-100679 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-0210655B |
| | | B-0301572B |
| vs. | : | |
| | | *D E C I S I O N.* |
| DANTE LOVELL ROBB, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 16, 2011


*Joseph T. Deters*, Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Scott A. Rubenstein*, for Defendant-Appellant.



Please note:  This case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Judge.**

{¶1} Defendant-appellant Dante Lovell Robb entered pleas of guilty to conspiracy to commit murder and aggravated robbery with an accompanying weapon specification in 2003. At that time, the trial court sentenced Robb to an aggregate term of 15 years' imprisonment. In September of 2010, Robb was returned to the trial court for a resentencing hearing because the trial court had failed to orally notify Robb about his postrelease control requirements. The trial court had included language concerning postrelease control in its 2003 sentencing entry, but it had not orally informed Robb about postrelease control at the sentencing hearing.

{¶2} Over the state's objection, the trial court conducted a de novo sentencing hearing. The trial court imposed the same sentence that it had imposed in 2003, along with the required postrelease control notifications. Robb had additionally filed a motion to withdraw his guilty pleas, which the trial court denied.

{¶3} Robb now appeals, raising two assignments of error for our review. In his first assignment of error, he argues that the trial court erred in overruling his motion to withdraw his guilty pleas. Robb asserts that his motion to withdraw his pleas should be treated as a presentence motion to withdraw because it was filed before he was properly resentenced. He is incorrect.

{¶4} This court has held that, when a sentence is void only to the extent that postrelease control had not been properly imposed, any motion to withdraw a guilty plea filed after the imposition of the original sentence should be treated as a postsentence motion to withdraw a guilty plea.[1] A postsentence motion to withdraw

---

[1] *State v. Thomas*, 1st Dist. Nos. C-100411 and C-100412, 2011-Ohio-1331, ¶16.

a guilty plea should only be granted to correct a manifest injustice.[2]  We review a trial court's ruling on a postsentence motion to withdraw a guilty plea for an abuse of discretion.[3]  Here, Robb has failed to demonstrate the presence of a manifest injustice.  The trial court did not abuse its discretion in denying Robb's motion, and the first assignment of error is overruled.

{¶5}  In his second assignment of error, Robb argues that the trial court erred in imposing a sentence not supported by the findings in the record.  Robb had been returned to the trial court for resentencing because the trial court had failed to orally notify him about the requirements of postrelease control.  When a trial court fails to orally notify a defendant about the requirements of postrelease control, "that part of the sentence * * * is void and must be set aside."[4]  Consequently, in such a situation, the resentencing "is limited to the proper imposition of postrelease control."[5]

{¶6}  Here, the trial court erred in conducting a de novo sentencing hearing. The resentencing should have been limited to the proper imposition of postrelease control.  But because the trial court imposed the same sentence that it had imposed at the original sentencing hearing, along with the necessary postrelease-control language, any error is harmless.

{¶7}  An appeal following a resentencing hearing to properly impose postrelease control "is limited to issues arising at the resentencing hearing."[6] Because Robb's resentencing should have been limited to the imposition of

---

[2] Crim.R. 32.1
[3] *State v. Hines*, 1st Dist. No. C-090754, 2010-Ohio-3964, ¶17.
[4] *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶26.  See, also, *State v. Brown*, 1st Dist. Nos. C-100309 and C-100310, 2011-Ohio-1029, ¶9.
[5] *Fischer* at ¶27.
[6] *Fischer* at paragraph four of the syllabus.

postrelease control, in the absence of any other matter that would have voided a separate portion of the sentence, he may only challenge on appeal issues arising from that imposition.  Here, we find that the trial court properly informed Robb regarding the requirements of postrelease control, and we overrule the second assignment of error.

{¶8}    The judgment of the trial court is, accordingly, affirmed.

Judgment affirmed.

SUNDERMANN, P.J., and CUNNINGHAM, J, concur.

Please Note:
　　The court has recorded its own entry on the date of the release of this decision.