[Cite as *State v. Norman*, 2011-Ohio-5969.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee           :      C.A. CASE NO. 24445

vs.                                    :      T.C. CASE NO. 02CR1470

JIMMY R. NORMAN                        :      (Criminal Appeal from
                                    Common Pleas Court)
    Defendant-Appellant          :

. . . . . . . . .

O P I N I O N

Rendered on the 18th day of November, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Andrew T. French, Asst. Pros. Attorney, Atty. Reg. No. 0069384, P.O. Box 972, Dayton, OH  45422

    Attorneys for Plaintiff-Appellee

Robert Alan Brenner, Atty. Reg. No. 0067714, P.O. Box 341021, Beavercreek, OH 45434-1021
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Jimmy Norman, appeals from his resentencing pursuant to R.C. 2929.191 and the trial court's imposition of post-release control.

{¶ 2} In 2003, as part of a negotiated plea agreement,

Defendant entered pleas of guilty to aggravated robbery, kidnapping, rape, and corrupting another with drugs. The trial court sentenced Defendant to consecutive prison terms of eight years for aggravated robbery, five years for kidnapping, five years for rape, and two years for corrupting another with drugs, for a total sentence of twenty years. On direct appeal we affirmed Defendant's convictions. *State v. Norman*, Montgomery App. No. 19811, 2004-Ohio-75.

{¶ 3} On January 10, 2011, Defendant was brought before the trial court for resentencing pursuant to R.C. 2929.191 because of a defect in imposing post-release control. At resentencing, Defendant objected to the trial court imposing post-release control on all of the charges, and particularly the aggravated robbery charge, because Defendant claimed that he had already completed his eight year sentence for that offense. Therefore, the trial court lacked authority to impose post-release control on that offense.

{¶ 4} The trial court overruled Defendant's objection and imposed mandatory five year terms of post-release control on the aggravated robbery, kidnapping and rape convictions, and a three year mandatory term of post-release control on the corrupting another with drugs conviction.

{¶ 5} From his resentencing, Defendant has appealed to this

court.

### FIRST ASSIGNMENT OF ERROR

{¶ 6} "THE TRIAL COURT ERRED WHEN IT IMPOSED POST-RELEASE CONTROL ON ALL COUNTS AT THE DEFENDANT'S POST-RELEASE CONTROL RESENTENCING."

{¶ 7} Defendant pled guilty to four offenses and was sentenced to consecutive prison terms totaling twenty years, which included an eight year sentence for aggravated robbery. Defendant was delivered to prison to begin serving his sentence on March 6, 2003, and was given 317 days of jail time credit. Defendant argues in this assignment of error that when he was resentenced on January 10, 2011, solely for the purpose of correcting a defect in the post-release control portion of his sentence pursuant to R.C. 2929.191, he had already completed his eight year sentence for aggravated robbery, and therefore the trial court had no authority to impose post-release control on that offense.

{¶ 8} Pursuant to R.C. 2929.191(A)(1), if a trial court imposes a prison term upon an offender prior to July 11, 2006, and fails to notify the offender about post-release control, the trial court may resentence the offender and impose the omitted terms of post-release control. However, that resentencing must occur "before the offender is released from imprisonment under that term." *Id.* Once the offender completes serving his sentence,

the trial court's authority to correct the omission of post-release control ends. *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547 at ¶35; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197 at ¶6; *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126.

{¶ 9} R.C. 2929.01(BB)(1) defines "prison term" to include a stated prison term. R.C. 2929.01(FF) defines "stated prison term" as, among other things, <u>the combination of all prison terms imposed by the sentencing court pursuant to R.C. 2929.14</u>. We have previously construed the definition of "stated prison term," albeit in conjunction with the R.C. 2929.20(B)(1) provision for judicial release, as expressly providing that a combination of prison terms, such as a series of consecutive sentences, be treated as one stated prison term, not as multiple terms. *State v. Anderson-Melton* (Nov. 9, 2001), Montgomery App. No. 18703. That same interpretation applies here, and means that Defendant's stated prison term is twenty years, not multiple, separate prison terms consisting of eight years, five years, five years, and two years. Defendant will not complete serving his sentence in this case until he has served all twenty years.

{¶ 10} In *State v. Lewis*, Summit App. No. 25080, 2011-Ohio-2014, the Ninth District Court of Appeals addressed this very issue in a similar case. Lewis was sentenced to consecutive prison terms

of four years on each of five counts of aggravated robbery, for an aggregate sentence of twenty years. Ten years later, Lewis was resentenced in accordance with R.C. 2929.191 to correct an error in the imposition of post-release control. In rejecting Lewis' claim that by the time of re-sentencing he had already served the first two of his four-year prison terms and therefore the trial court lacked the authority to impose a term of post-release control on those offenses, the Court of Appeals stated:

{¶ 11} "{¶ 19} Here, Lewis may have served some portion of the sentence imposed, but he has not completed his prison term of twenty years or been released from prison. Thus, the trial court had jurisdiction to resentence him to impose post-release control."

{¶ 12} That same conclusion applies here. Defendant may have served some portion of the sentence imposed, but he has not completed his twenty year stated prison term, nor has he been released from imprisonment under that term. Accordingly, R.C. 2929.191(A)(1) authorized the trial court to impose post-release control on the four offenses for which Defendant was convicted and sentenced.

{¶ 13} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.

**DONOVAN, J., And HALL, J., concur.**

**Copies mailed to:**

**Andrew T. French, Esq.**
**Robert Alan Brenner, Esq.**
**Hon. Timothy N. O'Connell**