[Cite as *State v. Weber*, 2013-Ohio-1700.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 12CA85, 12CA93 |
| RICHARD TODD WEBER | |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Richland County Court of
Common Pleas, Case Nos. 2011-CR-407H
and 2011-CR-636H

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    April 25, 2013

APPEARANCES:

For Plaintiff-Appellant        For Defendant-Appellee

JAMES J. MAYER, JR.        GEORGE R. KEYSER
PROSECUTING ATRRORNEY        44 Park Ave. West, Suite 202
RICHLAND COUNTY, OHIO        Mansfield, Ohio 44902

By: J. BRANDON PIGG
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1} Plaintiff-appellant the state of Ohio appeals the August 10, 2012 Judicial Release Order entered by the Richland County Court of Common Pleas. Defendant-appellee is Richard T. Weber.

STATEMENT OF THE CASE[1]

{¶2} On October 13, 2011, Appellee entered a plea of guilty to three counts of forgery, in violation R.C. 2913.31(A)(1), in Richland County Case Number 2011CR0407. In exchange for the plea, the State agreed to dismiss two counts and recommend community control at sentencing. Via Sentencing Entry of November 10, 2011, the trial court sentenced Appellee to six months in prison on each count to run consecutively, all suspended. The court sentenced Appellee to thirty-six months of community control, informing Appellee a violation of the terms of community control would lead to a prison term of 18 months and a five year term of post release control.

{¶3} Also on October 13, 2011, Appellee entered a plea of guilty to one count of theft from the elderly, in violation of R.C. 2913.02(A)(1), in Richland County Case Number 2011CR0636. In exchange for the plea, the State agreed to recommend community control at sentencing. Via Sentencing Entry of November 10, 2011, the trial court sentenced Appellee to twelve months in prison, suspended. The trial court sentenced Appellee to thirty-six months of community control, informing Appellee a violation of the terms of his community control would lead to the imposition of a twelve month prison term and five years of community control.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

**{¶4}** On May 2, 2012, the trial court issued a Community Control Violation Journal Entry in both Case Number 2011CR0407 and 2011CR0636, accepting Appellee's admission to community control violations and sentencing Appellee to six months on each count in Case Number 2011CR0407, to run consecutively, and twelve months in Case Number 2011CR0636. The trial court ordered the sentences in 2011CR0407 and 2011CR0636 to run consecutively.

**{¶5}** On June 11, 2012, Appellant filed a motion for judicial release in 2011CR0407. On July 10, 2012, the State filed a response to the motion. Appellee filed a motion for judicial release in Case Number 2011CR0636 on July 31, 2012. Via Judicial Release Order of August 10, 2012, the trial court found Appellee was serving a non-mandatory prison term of less than 10 years and had served all mandatory portions of the sentence; therefore, suspending Appellee's prison term by judicial release to community control for a period of two and one-half years.

**{¶6}** Appellant the state of Ohio now appeals, assigning as error:

**{¶7}** "I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT-APPELLEE JUDICIAL RELEASE, AS HE WAS INELIGIBLE FOR JUDICIAL RELEASE ACCORDING TO R.C. 2929.20(C)(2)."

**{¶8}** R.C. 2929.20(C)(2) reads,

**{¶9}** "(C) An eligible offender may file a motion for judicial release with the sentencing court within the following applicable periods:

**{¶10}** "(1) If the aggregated nonmandatory prison term or terms is less than two years, the eligible offender may file the motion not earlier than thirty days after the offender is delivered to a state correctional institution or, if the prison term includes a

mandatory prison term or terms, not earlier than thirty days after the expiration of all mandatory prison terms.

{¶11} "(2) If the aggregated nonmandatory prison term or terms is at least two years but less than five years, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, not earlier than one hundred eighty days after the expiration of all mandatory prison terms.

{¶12} "(3) If the aggregated nonmandatory prison term or terms is five years, the eligible offender may file the motion not earlier than four years after the eligible offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, not earlier than four years after the expiration of all mandatory prison terms.

{¶13} "(4) If the aggregated nonmandatory prison term or terms is more than five years but not more than ten years, the eligible offender may file the motion not earlier than five years after the eligible offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, not earlier than five years after the expiration of all mandatory prison terms.

{¶14} "(5) If the aggregated nonmandatory prison term or terms is more than ten years, the eligible offender may file the motion not earlier than the later of the date on which the offender has served one-half of the offender's stated prison term or the date specified in division (C)(4) of this section."

{¶15} In *State v. Norman*, 2nd Dist. No. 24445, 2011-Ohio-5969, the Second District Court of Appeals held,

**{¶16}** "R.C. 2929.01(BB)(1) defines 'prison term' to include a stated prison term. R.C. 2929.01(FF) defines 'stated prison term' as, among other things, *the combination of all prison terms imposed by the sentencing court pursuant to R.C. 2929.14.* We have previously construed the definition of 'stated prison term,' albeit in conjunction with the R.C. 2929.20(B)(1) provision for judicial release, as expressly providing that a combination of prison terms, such as a series of consecutive sentences, be treated as one stated prison term, not as multiple terms. *State v. Anderson–Melton* (Nov. 9, 2001), Montgomery App. No. 18703. That same interpretation applies here, and means that Defendant's stated prison term is twenty years, not multiple, separate prison terms consisting of eight years, five years, five years, and two years. Defendant will not complete serving his sentence in this case until he has served all twenty years." We agree with the *Norman* Court's analysis.

**{¶17}** The trial court sentenced Appellee to six months each on the three forgery counts to be served consecutively for a total of eighteen months in prison. The court ordered the sentence to run consecutively to Appellee's twelve month sentence on the theft charge for a total of thirty months in prison. Accordingly, Appellee's "stated prison term" is thirty months in prison.

**{¶18}** Pursuant to R.C. 2929.20(C)(2) set forth above, Appellee was ineligible for judicial release until having served at least 180 days in prison.  The August 10, 2012 judgment of the trial court is therefore reversed and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Craig R. Baldwin_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RICHARD TODD WEBER | : | |
| | : | |
| Defendant-Appellee | : | Case No. 12CA85 |

For the reason stated in our accompanying Opinion, the August 10, 2012 judgment entered by the Richland County Court of Common Pleas is reversed and the matter is remanded to that court for further proceedings in accordance with the law and our Opinion. Costs to Appellee.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Craig R. Baldwin _____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RICHARD TODD WEBER | : | |
| | : | |
| Defendant-Appellee | : | Case No. 12CA93 |

For the reason stated in our accompanying Opinion, the August 10, 2012 judgment entered by the Richland County Court of Common Pleas is reversed and the matter is remanded to that court for further proceedings in accordance with the law and our Opinion. Costs to Appellee.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Craig R. Baldwin_____
HON. CRAIG R. BALDWIN