[Cite as *State v. Pitts*, 2017-Ohio-7467.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160675 |
| | | TRIAL NO. B-0506665 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| STEVE PITTS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 6, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}   Defendant-appellant Steve Pitts appeals his sentences for one count of aggravated murder, attempted murder, aggravated burglary, and kidnapping. Raising three assignments of error, Pitts argues that the trial court did not consider the purposes and principles of felony sentencing, did not properly notify him of postrelease control, and failed to merge his convictions for allied offenses. We affirm the trial court's judgment.

## Factual and Procedural Background

{¶2}   In 2005, Pitts pleaded guilty to aggravated murder, attempted murder, aggravated burglary, and kidnapping. He was sentenced to a jointly-recommended sentence of life in prison with the possibility of parole after 20 years on the aggravated-murder conviction, and ten years on each of the other offenses, all to run concurrently, for an aggregate sentence of life without parole for 20 years. Pitts did not appeal the judgment of conviction.

{¶3}   In 2015, Pitts filed a pro se motion for a resentencing hearing because the court did not impose postrelease control on the attempted murder, aggravated burglary, or kidnapping convictions. Pitts also filed a pro se sentencing memorandum arguing that all of his offenses were allied offenses that should be merged at the resentencing hearing.

{¶4}   The trial court appointed counsel to represent Pitts and conducted a hearing to notify Pitts that he is required to serve a mandatory term of five years of postrelease control upon his release from prison. At the hearing, Pitts again argued that he was improperly sentenced because the aggravated murder, attempted murder, kidnapping, and aggravated burglary were allied offenses of similar import that could not be separately punished. The trial court did not address the merger issue because the resentencing was solely for the purpose of imposing postrelease

control. The court explained that it did not have jurisdiction to resentence Pitts on the other convictions.

{¶5}   The court proceeded to resentence Pitts to the same agreed sentence and advised Pitts that he would be subject to a mandatory five years of postrelease control upon his release from prison.

### Law and Analysis

{¶6}   For ease of discussion, we address his assignments of error out of order. In his second assignment of error, Pitts argues that the sentencing court did not properly notify him of postrelease control at the resentencing hearing. However, Pitts does not specifically point out in the record this alleged error and concedes that the notification was proper. Consequently, we overrule this assignment of error.

{¶7}   In his first assignment of error, Pitts argues that the sentencing court failed to consider the purposes and principles of felony sentencing as set forth in R.C. 2929.11 and 2929.12 when imposing an excessive prison term that was unsupported by the record. Pitts further contends the sentencing court failed to make the statutory findings at the resentencing hearing.

{¶8}   The trial court conducted the hearing in order to properly advise Pitts of the mandatory postrelease control as part of his sentence. The resentencing was limited to the "proper imposition of postrelease control." *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 27. Accordingly, Pitts was only entitled to be resentenced on the postrelease-control portion of his sentence, and we overrule the first assignment of error.

{¶9}   Although the trial court properly imposed postrelease control, the trial court exceeded the limited scope of the hearing by resentencing Pitts to the same agreed sentence. Because that portion of the sentence was not void, the trial court had no authority to review the original sentence, and therefore, lacked authority to revisit this part of the sentence. *See State v. Lewis,* 9th Dist. Summit No.

3

25080, 2011-Ohio-2014, ¶ 23. However, any error was harmless because the court imposed the same sentence that was imposed at the original sentencing. *See State v. Robb*, 1st Dist. Hamilton Nos. C-100678 and C-100679, 2011-Ohio-4647, ¶ 6.

{¶10}   In his third assignment of error, Pitts asserts that the trial court erred by failing to merge allied offenses of similar import.  He further claims that his original sentences were void because the court failed to merge the allied offenses.

{¶11}  The failure to merge allied offenses does not render a judgment void, but voidable. *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 9, citing *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421; *State v. Lee*, 1st Dist. Hamilton No. C-120307, 2013-Ohio-1811, ¶ 8. Consequently, challenges to the trial court's failure to merge allied offenses are barred by the doctrine of res judicata if they could have been, but were not, raised on direct appeal. *See Grant* at ¶ 16-18; *State v. Reid*, 2d Dist. Montgomery No. 25790, 2014-Ohio-1282, ¶ 9.

{¶12}  Pitts argues that the Ohio Supreme Court has recently determined that the failure to merge allied offenses renders the sentence void in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234.  However, in *Williams*, the Ohio Supreme Court made it clear that "when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law, and any error [regarding the failure to merge] must be asserted in a timely appeal or it will be barred by principles of res judicata." *Id.* at ¶ 26, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8-9; *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3.  The sentence is void only when the trial court concludes that an offender is guilty of allied offenses and then imposes separate sentences. *Id.*

**{¶13}** Here, the trial court did not initially find that the offenses were allied and then impose a separate sentence for each offense. Therefore, Pitts was required to raise the allied-offenses issue on direct appeal, and he did not. Consequently, the allied-offenses argument is barred by res judicata, and therefore, we overrule the third assignment of error.

### Conclusion

**{¶14}** Accordingly, we affirm the trial court's judgment.

Judgment affirmed.

**MYERS** and **DETERS, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.