[Cite as *State v. Pitts*, 2017-Ohio-7623.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150766 |
| | | TRIAL NO. B-0506665 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| STEVE PITTS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  September 15, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Steve Pitts,* pro se.

**MILLER, Judge.**

{¶1}   Defendant-appellant Steve Pitts appeals the Hamilton County Common Pleas Court's judgment overruling his postconviction motion seeking correction of the postrelease-control portion of his sentences.  We dismiss the appeal as moot, because the common pleas court properly corrected postrelease control while this appeal was pending.

{¶2}   Pitts was convicted in 2005 upon guilty pleas to aggravated murder, attempted murder, aggravated burglary, and kidnapping.  The trial court sentenced him to agreed concurrent prison terms of life without parole for 20 years for aggravated murder and ten years each for attempted murder, aggravated burglary, and kidnapping.  And the court included in the judgment of conviction the following: "As part of the sentence in this case, the defendant is subject to the postrelease control supervision of R.C. 2967.28."   Pitts took no direct appeal from his convictions.

{¶3}   In 2015, Pitts filed with the common pleas court his "Motion for Re-Sentencing," seeking correction of postrelease control on the ground that postrelease control had not been imposed in conformity with the statutory mandates.  In this appeal, he advances a single assignment of error challenging the overruling of that motion.  We do not reach the merits of that challenge.

{¶4}   This appeal was submitted in June 2017.  But in August 2016, while the appeal was pending, the common pleas court effectively granted Pitts the relief that he had sought in his 2015 "Motion for Re-Sentencing."  The court conducted a hearing, at which it notified Pitts that he would be subject to a mandatory five-year term of postrelease control.   And the court properly included postrelease control in its

August 16, 2016 judgment of conviction. Pitts appealed that judgment, and we affirmed. *State v. Pitts*, 1st Dist. Hamilton No. C-160675, 2017-Ohio-7467.

{¶5} The doctrine of mootness is founded upon the "long and well established" principle that courts have a "duty * * * to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). Thus, a court has no duty to decide a matter that is "moot in the sense that the court cannot provide the appellant with any meaningful relief." *State v. Carr*, 1st Dist. Hamilton No. C-140172, 2015-Ohio-2529, ¶ 9, citing *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus.

{¶6} In this appeal, Pitts seeks relief in the form of a remand to correct the postrelease-control portion of his sentences. Because postrelease control was properly imposed in August 2016, an order by this court remanding his case to the trial court would be meaningless. Accordingly, we dismiss the appeal as moot.

Appeal dismissed.

**CUNNINGHAM, P.J.**, and **MYERS, J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.